# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### _____DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 09 2021

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

David E. Jackson
_____
(Print your full name)

       Plaintiff pro *se,*

  v.

Pete Buttigieg, Secretary
_____

Department of Transportation
_____

Federal Aviation Administration
Washington DC
_____
(Print full name of each defendant; an
employer is usually the defendant)

       Defendant(s).

CIVIL ACTION FILE NO.

1:21-CV-3738

(to be assigned by Clerk)

## ***PRO SE* EMPLOYMENT DISCRIMINATION COMPLAINT FORM**

### Claims **and Jurisdiction**

1.    This employment discrimination lawsuit is brought under (check only those that apply):

    __X__       Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e seq, for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

                **NOTE:** To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

**Page 1 of 10**

___X___    Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE:** To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

_____    Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et eg, for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE:** To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

_____    Other (describe) _____

_____

_____

_____

_____

_____

2.   This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3. Plaintiff. Print your full name and mailing address below:

Name    David E. Jackson

Address    2135 Crest Wood Drive, SW

Conyers, Georgia 30094

4. Defendant(s). Print below the name and address of each defendant listed on page 1 of this form:

Name    Pete Buttigieg, Secretary

Address    Department of Transportation,   Washington, DC

Name

Address

Name

Address

## Location and Time

5. If the alleged discriminatory conduct occurred at a location <u>different</u> from the address provided for defendant(s), state where that discrimination occurred:

Atlanta Air Route Traffic Control Center (ARTCC), FAA

299 Woolsey Road Hampton, Georgia 30228

6.   When did the alleged discrimination occur?  (State date or time period)

From 2007 through on or about February 2018

_____

_____

_____

_____

## **Administrative Procedures**

7.   Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?       X     Yes              _____No

        If you checked "Yes," attach a copy of the charge to this complaint.

8.   Have you received a Notice of Right-to-Sue letter from the EEOC?

        X    Yes              _____No

        If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter:

        June 12, 2021

9.   If you are suing for **age discrimination,** check one of the following:

        X         60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

        _____    Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

_____Yes        _____No        __X__Not applicable, because I was not an employee of, or applicant with, a State agency.

If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

_____

_____

_____

_____

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

__X__Yes        _____No        _____Not applicable, because I was not an employee of, or applicant with, a Federal agency.

If you checked "Yes," describe below what happened in that administrative process:

Claims were first closed by the Atlanta EEOC District Office without litigation on September 15, 2014. After appeal, claims were later closed after summary judgement in favor of the Agency. Deadline for summary judgement on all claims had passed the deadline when summary judgement was granted on June 7, 2021.

## Nature of the Case

12.   The conduct complained about in this lawsuit involves (check only those that apply):

| | |
|---|---|
| _____ | failure to hire me |
| _____ | failure to promote me |
| _____ | demotion |
| _____ | reduction in my wages |
| X | working under terms and conditions of employment that differed from similarly situated employees |
| _____ | harassment |
| X | retaliation |
| _____ | termination of my employment |
| _____ | failure to accommodate my disability |
| X | other (please specify) 14-day suspension |

13.   I believe that I was discriminated against because of (check only those that apply):

| | |
|---|---|
| X | my race or color, which is Black |
| _____ | my religion, which is |
| _____ | my sex (gender), which is _____male _____female |
| _____ | my national origin, which is |
| X | my age (my date of birth is January 3, 1957 ) |
| _____ | my disability or perceived disability, which is: |

| | |
|---|---|
| X | my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation |
| _____ | other (please specify) |

14.   Write below, as clearly as possible, the essential facts of your claim(s).
Describe specifically the conduct that you believe was discriminatory or
retaliatory and how each defendant was involved. Include any facts which
show that the actions you are complaining about were discriminatory or
retaliatory. Take time to organize your statements; you may use numbered
paragraphs if you find that helpful.  Do not make  legal arguments  or cite cases
or statutes.

---

I faced reprisal for my participation in the EEO process, and was suspended for 14-
days after my manager was informed by another management official about my
participation in protected activity and after I reported unfair treatment in the workplace.
My manager, at the time was Tina Cadrette, who had no reason to know about my
protective activity because none of my protected activity at that time involved Ms.
Cadrette. On or about January 12, 2015, my manager, Tina Cadrette, assigned work to
two other employees. Those two employees failed to perform the work. Ms. Cadrette
held others and me accountable when the two employees failed to perform the work. I
reported the unfair treatment and was forced to attend mediation with my manager on
or about September 21-22, 2015. During the first day of mediation, after I started
explaining the unfair treatment to the mediator, my manager shouted out in anger and
called me a "freaking liar." She stormed out of mediation and continued to scream in
the hallway. Once the mediator calmed her down, and she returned to the mediation I
later learned that my manager was planning to suspend me. She did not say why she
was planning to suspend me until later.  We had discussed my OJT training earlier on
September 16, 2015 and during that time I requested more time to study. I also
mentioned that most of the 6 months to complete the OJT was still available to me. My
manager only responded with "We need to talk about this" in an email. She then wrote
me an instant message stating that we did not have to discuss the training on the day
(September 16, 2015) that she sent the email. Because she became angry during
mediation, and before we could discuss the OJT training as she had written to me in an
email and after I reported how she harassed and bullied me during mediation is when
she informed me on September 24, 2015 that she had decided to suspend me for not
completing OJT training. This is reprisal, and disparate treatment. Other younger
employees in the unit have gone for more than 18 months before completing OJT and
were not punished. Everyone who attended the course before me, and after me and with
me received the same Enrollment Notification that listed the deadline as 6 months to
complete the OJT training starting from the end date of the classroom theory. My
deadline, and those employees who attended the classroom training with me, was listed
as December 27, 2015, not September 17, 2015 the deadline set by Ms. Cadrette. The
training that the agency has in place to train its employees is standardized, and every

employee who attended this training is afforded the same amount of time to complete the training assignment. Ms. Cadrette's manager even responded in an Interrogative that the deadline is 6 months. Nevertheless, I was suspended and the entire management team support this action after my manager admitted in a deposition that someone in her management chain had advised her of my EEO activity even though she had no reason to know. Management violated FAA policy and union agreement when I was not allotted the standardized timeframe to complete my assigned training.

Under the same management, I have had difficulty in receiving training like my white counterparts. I was enrolled in training only to be withdrawn from the training. When I bided on a job for a lateral transfer, I was informed that I was not competitive because I had not had the certification training that the white employees had. This is the same certification training that management failed to provide to me. Management allowed my VSCS equipment certification to expire, and never provided me the opportunity to acquire other equipment certifications. My training record is filled with me having to retake courses because management failed to train me in the mandatory timeframe. My white counterparts were not treated this way. As a continuation of the denial training, on April 23, 2012 I was withdrawn from training again. This was also the same day that my manager informed me that my equipment certification had expired. April 23, 2012 was the day that the training was scheduled to start. My manager's stated reason for withdrawing me from training was because of urgent operational needs, but he did not inform me of the task until 12 days after he had received the request and after he had already withdrawn me from training. Maintenance logs show that the task was performed on March 7, 2012 long before April 23, 2012.

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

15.   Plaintiff     __X__       still works for defendant(s)
                    _____      no longer works for defendant(s) or was not hired


16.   If this is a disability-related claim, did defendant(s) deny a request for
      reasonable accommodation?      _____Yes          _____No

            If you checked "Yes," please explain: _____

            _____

            _____

            _____

            _____


17.   If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury
      trial. Do you request a jury trial?      _____Yes   __X__No


## Request for Relief

As relief from the allegations of discrimination and/or retaliation stated above,
plaintiff prays that the Court grant the following relief (check any that apply):

Defendant(s) be directed to:   <u>Remove suspension from record, and make whole by</u>
                               <u>awarding lost wages during suspension. Pay into</u>
                               <u>retirement and other lost benefits.</u>

      __X__       Money damages (list amounts) <u>50K (25K in Non-Pecuniary</u>
                  <u>Damages, 25K in Compensatory Damages)</u>


      __X__       Costs and fees involved in litigating this case


      __X__       Such other relief as may be appropriate

                              Page **9** of **10**

## PLEASE READ BEFORE SIGNING TRIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this _9th_ day of _September_ , 20_21_

_David E. Jackson_
(Signature of plaintiff pro *se)*

_David E. Jackson_
(Printed name of plaintiff pro *se)*

2135 Crest Wood Drive, SW

(street address)

Conyers, Georgia 30094

(City, State, and zip code)


davejack50@bellsouth.net
(email address)

770-760-7268
(telephone number)

**Page 10 of 10**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

David E. Jackson, a/k/a
James M.,[1]
Complainant,

v.

Pete Buttigieg,
Secretary,
Department of Transportation
(Federal Aviation Administration),
Agency.

Appeal No. 2020001267

Hearing Nos.: 410-2017-00094X,
410-2019-00021X,
410-2019-00023X,
410-2019-00024X

Agency Nos.: DOT-2016-26666-FAA-03,
DOT-2013-25011-FAA-03,
DOT-2012-24586-FAA-03,
DOT-2012-24344-FAA-03

## DECISION

Complainant filed a timely appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's October 23, 2019, final order concerning four equal employment opportunity (EEO) complaints alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.

At the time of events giving rise to this complaint, Complainant was employed by the Agency as an Air Traffic Control Specialist/2101-I at the Agency's Air Route Traffic Control Center in Hampton, Georgia.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                           2020001267

Complainant filed four EEO complaints.   In Agency No. DOT-2012-24344-FAA-03, Complainant alleged that the Agency discriminated against him on the basis of his race (African-American) when:

1.     On or about July 24, 2009, Complainant was denied leave to care for his wife and support her when her mother was hospitalized;

2.     On August 6, 2009, a coworker took pictures of Complainant's incomplete worksite, stored the pictures on a facility computer and showed the pictures to fellow employees and managers in an attempt to discredit Complainant's work; this led to management questioning Complainant's work;

3.     On August 27, 2009, Complainant was reprimanded for alleged substandard performance;

4.     Complainant never received compensation for training staff on Remote Monitoring Logging System Software (RMLS) in August and September 2009;

5.     On or about September 8, 2009, Complainant was removed from his primary position and replaced with a coworker who had no experience as the Maintenance Processing System (MPS) Administrator;

6.     Complainant's supervisors distributed emails nationwide concerning the removal of his MPS Administrator duties, and demonstrated animosity towards him;

7.     During August and September 2009, Complainant's supervisor spread false statements about him; and

8.     In approximately September 2009, Complainant was denied a monetary award for working as the Communication Unit's team lead for the mold removal program.

In Agency No. DOT-2012-24586-FAA-03, Complainant alleged that the Agency subjected him to discrimination in reprisal for prior protected EEO activity when:

9.     Complainant was scheduled excessive work, in addition to his regular duties, such as simultaneous assignments as MPS Administrator and COMM watch stander;

10.    Complainant's supervisor allowed his Voice Switching Communication System (VSCS) certification to expire by not providing him with the required training;

11.    Complainant was not scheduled overtime; and

12.    On April 23, 2012, Complainant was withdrawn from Increasing National Airspace (NAS) Knowledge (INK) training.

In Agency No. DOT-2013-25011-FAA-03, Complainant alleged the Agency discriminated against him on the bases of race and in reprisal for prior protected EEO activity when:

13.    On January 16, 2013, Complainant was not selected for the position of NAS Area Specialist advertised under Vacancy Announcement No. ASO-ATO-13-B652-12345;

14.    In February 2013, Complainant's assignment to train other employees was sabotaged by management in that management provided no support, did not direct

3                                           2020001267

employees to attend the training, nor allocate the required time necessary to perform the training; and

15.     Management did not allow Complainant to participate in a RMLS workgroup.

In Agency No. DOT-2016-26666-FAA-03, Complainant alleged that the Agency discriminated against and subjected him to a hostile work environment on the bases of age (48), sex (male), race, and in reprisal for prior protected EEO activity when:

16.     On September 22, 2015, Complainant was belittled, humiliated, bullied, and called a "freaking liar" during a forced mediation;

17.     Management did not support, assign, or monitor Complainant's on the job training (OJT) progress in the same manner as others;

18.     Management failed to provide instructions, guidance, and counseling to Complainant's OJT instructor;

19.     Management conducted a pre-investigation to entrap Complainant by asking investigative questions prior to the actual investigation;

20.     Management deliberately used false and incomplete evidence as justification to rate Complainant as not completing tasks and not performing his job well;

21.     Because Complainant did not complete a task in a specified time frame, on November 10, 2015, Complainant was issued a 14-day proposed suspension, whereas others have gone much longer without completing OJT and were not suspended or punished;

22.     On January 7, 2016, Complainant received a negative performance evaluation and was told by management that he would not have to put up with what was happening to him if he would retire; and

23.     Effective March 13, 2016, Complainant was suspended for 14 days.

After its investigation into the complaints, the Agency provided Complainant with copies of the reports of investigation and notice of his right to request hearings before an Equal Employment Opportunity Commission (EEOC or Commission) Administrative Judge (AJ). Complainant timely requested hearings. The matters were subsequently consolidated. The Agency submitted a motion for summary judgment. The AJ subsequently issued a decision by summary judgment in favor of the Agency finding that Complainant was not subjected to discrimination, reprisal, or a hostile work environment as alleged.

The Agency issued its final order adopting the AJ's decision. The instant appeal followed.

The Commission's regulations allow an AJ to grant summary judgment when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case.

4                                              2020001267

In rendering this appellate decision we must scrutinize the AJ's legal and factual conclusions, and the Agency's final order adopting them, *de novo*. See 29 C.F.R. § 1614.405(a)(stating that a "decision on an appeal from an Agency's final action shall be based on a *de novo* review…"); see also Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO-MD-110), at Chap. 9, § VI.B. (as revised, August 5, 2015)(providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed *de novo*).

In order to successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence and must further establish that such facts are material under applicable law. Such a dispute would indicate that a hearing is necessary to produce evidence to support a finding that the agency was motivated by discriminatory or retaliatory animus. Here, however, Complainant has failed to establish such a dispute. Even construing any inferences raised by the undisputed facts in favor of Complainant, a reasonable fact-finder could not find in Complainant's favor.

Upon careful review of the AJ's decision and the evidence of record, as well as the parties' arguments on appeal, we conclude that the AJ correctly determined that the preponderance of the evidence did not establish that Complainant was discriminated or retaliated against by the Agency as alleged.

Accordingly, we AFFIRM the Agency's final order adopting the AJ's decision.

### STATEMENT OF RIGHTS - ON APPEAL
### RECONSIDERATION (M0920)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision.    If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**.  A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition.   See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

5                                                                                          2020001267

Complainant should submit his or her request for reconsideration, and any statement or brief in support of his or her request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx.

Alternatively, Complainant can submit his or her request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files his or her request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

6                                    2020001267

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

June 7, 2021
Date

7                                                    2020001267

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was provided to the parties.** I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

David E. Jackson
2135 Crest Wood Avenue
Conyers, GA  30094
Via U.S. Mail

Joanne Dekker, Esq.
4830 31st Street South
Suite A
Arlington, VA  22206
Via U.S. Mail

Mary N. Whigham-Jones, Director
Office of Civil Rights, S-30
Department of Transportation
Via FedSEP

June 7, 2021
Date

Compliance and Control Division